**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID FINK,<br><br>                    Petitioner,<br>v.<br>STATE OF CALIFORNIA,<br><br>                    Respondent. | Case No.: 21-cv-969-MMA (RBM)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On May 21, 2021, David Fink ("Petitioner"), proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee.

### I. FAILURE TO NAME A PROPER RESPONDENT

A review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id*. The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden

of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id*. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).

If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). However, if a "petitioner is on probation or parole, he may name his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" *Id*. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Moreover, a long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.

Here, Petitioner has incorrectly named the "State of California" as Respondent. Because Petitioner is on parole, *see* Doc. No. 1 at 2 n.3, the proper respondents are his parole officer and the official in charge of the parole agency. *See Ortiz-Sandoval*, 81 F.3d at 895. In California, the Director of the Department of Corrections is the official in charge of the parole agency. *See In re Lusero*, 4 Cal. App. 4th 572, 576 (1992) ("During the period of parole following incarceration, an inmate continues in the custody of the department."). Accordingly, because Petitioner has not named his parole agent or the Secretary of the California Department of Corrections and Rehabilitation as Respondents, the Court lacks jurisdiction over the Petition.

## II. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must file a

First Amended Petition that cures the deficiencies set forth above on or before **July 16, 2021**. The Court further **DIRECTS** the Clerk of Court to mail Petitioner a blank First Amended Petition form together with a copy of this Order.

    **IT IS SO ORDERED.**

Dated: May 25, 2021

*/s/ Michael M. Anello*

HON. MICHAEL M. ANELLO
United States District Judge