UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FINK,<br><br>    Petitioner,<br><br>v.<br><br>GUILLERMO ROSA, Director of Parole,<br><br>    Respondent. | Case No.: 3:21-cv-00969-MMA-RBM<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 6]** |

## I.   INTRODUCTION

On May 14, 2021, Petitioner David Fink ("Petitioner"), a state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) On June 7, 2021, Petitioner filed an Amended Petition for Writ of Habeas Corpus ("Petition") curing the deficiencies set forth in the original petition as outlined in the Court's Order Dismissing Case without Prejudice and with Leave to Amend. (Docs. 2–3.) Petitioner seeks relief from his 2018 conviction in San Diego County Superior Court on the grounds that he was denied the right to: (1) self-representation under *Faretta*, (2) interview witnesses and develop evidence, (3) call witnesses at trial, (4) confront and cross-examine his accusers, (5) suppress illegally obtained evidence, and (6) be free of egregious prosecutorial misconduct. (Doc. 3 at 1.) On August 6, 2021, Respondent Guillermo Rosa

("Respondent") filed a Motion to Dismiss alleging Petitioner's claims are procedurally defaulted. (Doc. 6–1 at 2.) Petitioner filed an Opposition to Respondent's Motion to Dismiss on August 23, 2021. (Doc. 7.)

The matter was referred to the undersigned judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d). After a thorough review of the papers on file, the facts, and the applicable law, the undersigned respectfully **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

## II.   BACKGROUND & PROCEDURAL HISTORY

### A.   Underlying Offense

In 2012, Petitioner, also known as David Mark Gaynor, "presented a driver's license with [Petitioner]'s photograph, but bearing the name of William B., while [Petitioner] tried to cash a check payable to William B. at an Oceanside bank." (Doc. 6–1 at 2); *see also People v. Gaynor*, 42 Cal. App. 5th 794, 798–99 (2019). The bank teller was suspicious of the license and called the police. *Gaynor*, 42 Cal. App. 5th at 798–99. A police officer arrived and search Petitioner's pockets, finding other identifying documents with William B.'s name on them, and Petitioner was arrested for burglary. *Id.* "The check itself was payment for a valid small-claims judgment purportedly assigned to William B., but William B. knew nothing about the small-claims judgment or its assignment to him; William B., similarly, did not know [Petitioner] or authorize [Petitioner] to act on his behalf." (Doc. 6–1 at 2); *see also Gaynor*, 42 Cal. App. 5th at 799.

### B.   Conviction

In 2018 in the San Diego Superior Court, a jury found Petitioner guilty of three counts of using another person's identification (Cal. Penal Code § 530.5(a)(1)), fraudulently possessing a completed check (Cal. Penal Code § 475(c)), burglary (Cal. Penal Code § 459), two counts of possessing a forged driver's license (Cal. Penal Code § 470b), and failing to appear while on bail (Cal. Penal Code § 1320.5). (Doc 6–1 at 3.) Petitioner was also found to have a prior-strike conviction (Cal. Penal Code §§ 667(b)-(i), 1170), and was on bail when he committed the current crimes (Cal. Penal Code § 12022.1(b)). (*Id.*)

The court dismissed the prior strike conviction, and on March 21, 2018, Petitioner was sentenced to a term of five years and eight months in prison. (Doc. 6–14 at 5; Doc. 6–16 at 3.)

### C. Direct Appeal

In 2018, Petitioner appealed his conviction to the California Court of Appeal ("Court of Appeal"). (Doc. 6–2.) The Court of Appeal found there had been technical errors with Petitioner's sentence. (Doc. 6–1 at 1–2 (citing Cal. Ct. App. Case No. D073763).) "This technical error did not alter [Petitioner]'s prison term, but the court held that it affected [Petitioner]'s restitution fines such that he was entitled to a new sentencing hearing." (Doc. 6–1 at 3); *see also Gaynor*, 42 Cal. App. 5th at 805–09. In November 2019, Petitioner's convictions were affirmed and remanded for resentencing. *Gaynor*, 42 Cal. App. 5th at 810.

### D. Habeas Proceedings

On January 11, 2021, Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court. (Doc. 6–7.) Petitioner raised a variety of claims, including:

> jail regulations had unduly impinged upon his right to investigate his case, call witnesses, and represent himself at trial; that he had been denied the right to confront witnesses against him due to the court's limitations on the form of his questions; that some evidence had been illegally obtained and should have been suppressed; that there had been prosecutorial misconduct; and that his appellate attorney provided ineffective assistance.

(Doc. 6–1 at 3–4.) On January 12, 2021, the San Diego Superior Court denied the petition, ruling "[a]ll of Petitioner's claims were cognizable on appeal, though [Petitioner] did not raise them" and "[c]ontentions which could have been raised on appeal . . . ordinarily cannot be renewed in habeas corpus because habeas corpus ordinarily cannot serve as a second appeal." (Doc. 6–14 at 6.)

On March 7, 2021, Petitioner filed substantially similar habeas corpus claims in the Court of Appeal. (Doc. 6–13.) The Court of Appeal denied relief on March 24, 2021, finding Petitioner not entitled to relief because "[h]is petition is procedurally barred as

untimely . . . he delayed nearly 34 months after sentencing and more than 13 months after the judgment was affirmed on appeal before seeking habeas corpus relief in the trial court." (Doc. 6–16 at 5.)

On March 30, 2021, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Doc. 6–16 (citing Cal. Case No. S267903).) On May 12, 2021, the California Supreme Court denied the petition. (*Id.*)

### III. **LEGAL STANDARD**

A habeas petition is procedurally defaulted when the last reviewing state court dismissed it for failure to comply with a state rule of procedure. *Trest v. Cain*, 522 U.S. 87, 89 (1997); *Lambright v. Stewart*, 241 F.3d 1201, 1205 (9th Cir. 2001). Procedural default is an affirmative defense. *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003). Respondent waives the affirmative defense of procedural default by failing to raise it in the district court. *Morrison v. Mahoney*, 399 F.3d 1042, 1046–47 (9th Cir. 2005). If the state claims there has been a procedural default, the deciding court must determine whether the dispositive state court's decision rests on a state ground that is "independent" of federal law and "adequate" to forever bar federal review. *See Coleman v. Thompson*, 501 U.S. 722, 735 (1991). "A state procedural rule is 'independent' if the state law basis for the decision is not interwoven with federal law." *Munyororo v. Hill*, No. 18CV458-BAS(KSC), 2018 WL 6418426, at *3 (S.D. Cal. Dec. 6, 2018) (citing *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2000)). "A state procedural rule is 'adequate' if it is firmly established and regularly followed." *Munyororo*, 2018 WL 6418426 at *3 (citing *Walker v. Martin*, 562 U.S. 307, 314 (2011)).

Once the respondent has sufficiently pled "the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." *Bennett*, 322 F.3d at 586; *see also Bratton v. Hernandez*, No. CIV.07CV1699L (BLM), 2008 WL 3887669, at *2 (S.D. Cal. Aug. 21, 2008). With this burden shift, Petitioner must provide examples where the rule has not been consistently applied, and respondent would then be required to rebut that evidence. *See King v. La*

*Marque*, 464 F.3d 963, 967 (9th Cir. 2006) (holding that where a state procedural rule has previously been found to be inadequate, petitioner satisfies his or her burden under *Bennett* simply by challenging the adequacy of the procedure). However, courts have held that California's timeliness rule is clearly established and consistently applied. *See Walker*, 562 U.S. at 1128–31 (2011).

Even if a claim is procedurally defaulted, a federal court can still reach the merits if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The "cause" standard requires the petitioner to show that "'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). With respect to the "prejudice" prong, petitioner bears the burden of showing, "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982). Finally, to show a "fundamental miscarriage of justice" the petitioner must show "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (quoting *Murray*, 477 U.S. at 496).

## IV.   DISCUSSION

### A.   State Procedural Bar

Respondent argues the Petition must be dismissed because Petitioner's claims are procedurally defaulted as untimely under state law. (Doc. 6–1 at 5.) Petitioner's Opposition contends he mailed his Petition within the statute of limitations, wherein he cites to the California Judicial Council's emergency measure which tolled the statute of limitations in certain civil causes of action from April 6, 2020 to October 1, 2020. (Doc. 7 at 1–2 (citing Cal. R. app. I, Emergency Rule 9 (adopted April 6, 2020, amended effective May 29, 2020)).)

5

The procedural default doctrine "bars federal habeas review 'when a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.'" *Calderon v. U.S. Dist. Ct. (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996); *see also Watkins v. Binkele*, No. 18-CV-2194-AJB-RBM, 2019 WL 3803946, at *2 (S.D. Cal. Aug. 13, 2019). Respondent states "[t]his Court should honor the state court's ruling that found [Petitioner] had forfeited his claims by waiting too long to raise them, and it should accordingly dismiss the claims and the [Petition] due to [Petitioner]'s procedural default." (Doc 6–1 at 5.)

Here, the Court of Appeal's denial of Petitioner's petition for review, filed in the Court of Appeal on March 24, 2021, is the last reasoned state court decision. (Doc. 6–16.) That court denied the petition stating it is "procedurally barred as untimely because [Petitioner] delayed nearly 34 months after sentencing and more than 13 months after the judgment was affirmed on appeal before seeking habeas corpus relief in the trial court and has provided no explanation for the delay." (Doc. 6–16 at 5.)

The Court of Appeal further noted that ground numbers one through five[1] for which Petitioner seeks relief "are further procedurally barred because they could have been, but were not, asserted on appeal." (*Id.*) The Court of Appeal stated, "'[h]abeas corpus ordinarily cannot serve as a second appeal'" and "[Petitioner]'s 'failure to affirmatively address the applicability of procedural obstacles to consideration of the claims raised in a habeas corpus petition justifies summary denial without the court's consideration of the merits.'" (Doc. 6–16 at 5 (citing *In re Terry*, 4 Cal.3d 911, 927 (1971) and *In re Reno*, 55 Cal. 4th 428, 511 (2012), *as modified on denial of reh'g* (Oct. 31, 2012).) The Court of

---

[1] Ground numbers one through five in the petition for writ of habeas corpus submitted to the Court of Appeal included that Petitioner was denied the right to: (1) suppress illegally obtained evidence, (2) self-representation, (3) call witnesses at trial, (4) confront witnesses at trial, and (5) be free of egregious prosecutorial misconduct.

Appeal also found ground numbers one through six[2] in the petition failed to state a prima facie case for relief, and that "where, as here, 'no prima facie case for relief is stated, the court will summarily deny the petition.'" (Doc. 6–16 at 9 (quoting *People v. Duvall*, 9 Cal. 4th 464, 475 (1995)). The Court of Appeal reasoned, "'[o]nly where the claimed constitutional error is both clear and fundamental, and strikes at the heart of the trial process, is an opportunity for a third chance at judicial review (trial, appeal, postappeal habeas corpus) justified." (Doc. 6–16 at 8–9 (quoting *In re Harris*, 5 Cal. 4th 813, 834 (1993)). Accordingly, the Court of Appeal found none of the grounds for relief asserted by Petitioner met that description. (Doc. 6–16 at 9.)

In construing Petitioner's Opposition, it appears Petitioner is conflating the statute of limitations applicable to the filing of his Petition with the untimeliness issue discussed by the Court of Appeal. (*See* Docs. 7 at 2, 6–16.) However, the Court of Appeal's opinion did not state his Petition was untimely due to a statute of limitations issue, therefore, any tolling argument is inapplicable. (*See* Doc. 6–16.) Rather, the Court of Appeal described Petitioner's claims as untimely because there was a substantial delay in presenting the claims, in violation of California's timeliness requirement, and ground numbers one through five could have, but were not, asserted on appeal. (Doc. 6–16 at 5); *see Walker*, 562 U.S. at 1122 ("[a] prisoner must seek habeas relief without 'substantial delay' . . . as 'measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim'") (quoting *In Re Robbins*, 18 Cal. 4th 770, 780 (1998)).

The Ninth Circuit has held that California's untimeliness rule is an independent state procedural ground because it is not interwoven with federal law. *Bennett*, 322 F.3d at 581.

---

[2] All six grounds for relief include that Petitioner was denied the right to: (1) suppress illegally obtained evidence, (2) self-representation, (3) call witnesses at trial, (4) confront witnesses at trial, and (5) be free of egregious prosecutorial misconduct, and (6) effective assistance of appellate counsel.

Moreover, "California's *Dixon* bar, which provides that state habeas is not available for claims which could have been raised on appeal but were not, has been found to be an adequate and independent state procedural bar sufficient to uphold a procedural default . . . ." *Peay v. Allison*, No. 20CV2388-WQH (KSC), 2021 WL 1733389, at *5 (S.D. Cal. May 3, 2021) (citing *Johnson v. Lee*, 578 U.S. 605, 611 (2016)). Here, Petitioner's claims submitted to the Court of Appeal were procedurally barred as untimely. (Doc. 6–16 at 5.) Thus, the Court of Appeal's denial of Petitioner's habeas petition as untimely rests upon on a state law ground that is "independent" of federal law and is "adequate" to support the judgment, therefore, Petitioner's claims are procedurally defaulted unless he can rebut that evidence. *See Bennett*, 322 F.3d at 581; *Peay*, 2021 WL 1733389, at *5; *Coleman*, 501 U.S. at 750.

      B.    <u>Petitioner's Rebuttal</u>

Here, the claims Petitioner raised in his federal Petition are the same claims that were rejected by the Court of Appeal for being untimely. (Docs. 3, 6–16.) A habeas petitioner may obtain federal review of a procedurally defaulted claim only by demonstrating "cause" for the failure to comply with the state procedural rule and "prejudice" arising from the default, or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

          i.  *Cause for Failure to Comply*

Adequate cause for a default must be something external to the petitioner, which cannot fairly be attributed to him. *Coleman*, 501 U.S. at 753. If insufficient cause is shown, the court need not address whether the petitioner has shown prejudice. *Smith v. Baldwin*, 510 F.3d 1127, 1147 (9th Cir. 2007). Respondent argues "the State sees no basis by which [Petitioner] has argued that there is 'cause' to excuse his defaults, nor is there an apparent reason to excuse the default due to a fundamental miscarriage of justice or actual innocence." (Doc. 6–1 at 8.) It is Respondent's position that the Court of Appeal was correct in finding Petitioner's claims for relief to be untimely, "including for the claim regarding his appellate counsel, because [Petitioner] knew or should have known that his

8

3:21-cv-00969-MMA-RBM

appellate counsel had not raised on appeal any of [Petitioner]'s current trial-based issues by the filing of the court's opinion at the latest." (Doc. 6–1 at 9.)

In Petitioner's Opposition to Respondent's Motion to Dismiss, he claims he was "extremely surprised" when his appellate attorney omitted several of his claims on appeal. (Doc. 7 at 2.) Petitioner also states that he "caught coronavirus" and "was incapacitated for three weeks" for which he still has lingering effects, including his ability to write. (*Id.*) Petitioner alleges that "[d]uring the period that [Petitioner] was incapacitated, California Emergency Rule 9 tolled the statute of limitations." (*Id.*) Petitioner being diagnosed with COVID-19 is insufficient cause to justify why his filing with the Court of Appeal was untimely, and again, the statute of limitations is not at issue. *See supra* Sec. IV, pp. 7–8; *see also McCormick v. Adams*, 621 F.3d 970, 975 (9th Cir. 2010) (explaining there is a "highly deferential standard for evaluating state-court rulings" and state-court decisions are to "be given the benefit of the doubt") (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7, (1997) and *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). Moreover, Petitioner cannot rely on his alleged ineffective assistance of appellate counsel to excuse the default. *Murray*, 477 U.S. at 478 (noting "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default"). Petitioner has therefore failed to show cause for the delay. Because Petitioner cannot show cause, the Court need not consider whether he suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 (1982) ("[s]ince we conclude that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice").

### ii. Fundamental Miscarriage of Justice

Petitioner may obtain federal review of the procedurally defaulted claims by demonstrating the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. The Supreme Court has limited the "miscarriage of justice" exception to petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327 (citing

9

*Murray*, 477 U.S. at 496). Moreover, the Ninth Circuit held that "actual innocence" means factual innocence, not simply legal insufficiency; a mere showing of reasonable doubt is not enough. *Wood v. Hall*, 130 F.3d 373, 378–79 (9th Cir. 1997). Such a claim must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. If a petitioner can show that "in light of all the evidence, including the evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt,'" then his procedurally defaulted claims may pass through the *Schlup* gateway. *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (quoting *Schlup*, 513 U.S. at 324). Here, Petitioner fails to identify any evidence indicating that he is, in fact, innocent or that a fundamental miscarriage of justice has occurred. Thus, Petitioner has not satisfied the fundamental miscarriage of justice exception and may not overcome the procedural default.

The undersigned finds all claims in the petition denied by the Court of Appeal on March 24, 2021, on the basis of the state procedural timeliness rule, which are the same claims raised in the federal Petition, are procedurally defaulted in this Court. Petitioner fails to demonstrate cause or prejudice to excuse the default, or show that a fundamental miscarriage of justice would result if the Court did not reach the merits of his procedurally defaulted claims.

## V.   CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED** thereby **DISMISSING** the Petition.

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(d) of the United States District Court for the Southern District of California. Any party may file written objections with the Court and serve a copy on all parties on or before **January 28, 2022**. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before **February 11, 2022**. The

parties are advised that failure to file objections within the specific time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATE: January 14, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE