# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FINK,<br><br>                      Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>                      Respondent. | Case No. 21-cv-969-MMA (RBM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 9]<br><br>**GRANTING RESPONDENT'S MOTION TO DISMISS; AND**<br><br>[Doc. No. 6]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

On May 21, 2021, David Fink ("Petitioner"), a state prisoner proceeding *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction. *See* Doc. No. 1. The Court dismissed the case, *see* Doc. No. 2, and on June 7, 2021, Petitioner filed an amended petition, *see* Doc. No. 3 (the "Petition"). Respondent filed a motion to dismiss the Petition, which Petitioner opposed. *See* Doc. Nos. 6, 7. United States Magistrate Judge Ruth Bermudez Montenegro has issued a

detailed and well-reasoned Report and Recommendation ("R&R"), recommending that the Court grant Respondent's motion and dismiss the Petition. Doc. No. 9 at 10.[1] Petitioner timely filed an objection to the R&R. Doc. No. 10. For the reasons set forth below, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R in its entirety, **GRANTS** Respondent's motion to dismiss, **DISMISSES** the Petition, and **DECLINES** to issue a certificate of appealability.

## I. BACKGROUND

On January 31, 2018, Petitioner was convicted after a jury trial for three counts of using personal identifying information of another (Cal. Penal Code § 530.5), forgery (Cal. Penal Code § 475(c)), burglary (Cal. Penal Code § 459), possession of a forged driver's license (Cal. Penal Code § 470b), and failure to appear while on bail (Cal. Penal Code § 1320.5). Doc. No. 6-14 at 5. Further, the jury found "a prior strike conviction pursuant to Penal Code §[§] 667(b)–(i)/668/1170.13 and an on bail allegation under Penal Code § 12022.1(b)." *Id.* The state trial court dismissed the prior strike conviction, and Petitioner was sentenced to a six years and eight months term in prison. *Id.* Petitioner appealed his conviction to the California Court of Appeal. Doc. No. 6-2. The Court of Appeal found that there was a technical error with Petitioner's sentence, but the error only impacted his restitution fines and the court affirmed and remanded the case for resentencing. *People v. Gaynor*, 255 Cal. Rptr. 3d 775, 777, 786 (Ct. App. 2019).

Petitioner filed a petition for writ of habeas corpus in the Superior Court of California, San Diego on January 11, 2021. Doc. No. 6-7 at 2. Petitioner's writ raised a variety of claims, including issues with interviewing witnesses, self-representation, calling witnesses at trial, confronting witnesses, suppression of evidence, prosecutorial misconduct, and ineffective assistance of counsel. *Id.* at 2–3. The Superior Court denied the petition because "[a]ll of Petitioner's claims were cognizable on appeal, though he did

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

not raise them." Doc. No. 6-14 at 6.  The court reasoned that "[c]ontentions which could have been raised on appeal or which were raised and rejected on appeal ordinarily cannot be renewed in a petition for writ of habeas corpus because habeas corpus cannot serve as a second appeal." *Id.* (first citing *In re Dixon*, 264 P.2d 513, 514–515 (Cal. 1958); and then citing *In re Waltreus*, 397 P.2d 1001 (Cal. 1965)). On March 7, 2021, Petitioner filed a substantially similar habeas corpus petition in the California Court of Appeal. Doc. No. 6-13.  The Court of Appeal denied the petition, stating that the petition was "procedurally barred as untimely because he delayed nearly 34 months after sentencing and more than 13 months after the judgment was affirmed on appeal before seeking habeas corpus relief in the trial court and has provided no explanation for the delay." Doc. No. 6-16 at 5.  The court also found that Petitioner failed "to state a prima facie case for relief."  *Id.*  On March 30, 2021, Petitioner filed another substantially similar petition for writ of habeas corpus in the California Supreme Court.  Doc. No. 6-17 at 1–30.  The California Supreme Court denied the petition.  Doc. No. 6-18 at 3.

Petitioner filed the present petition for writ of habeas corpus, claiming that he was denied the right to: (1) self-representation under *Faretta*; (2) develop evidence and interview witnesses; (3) call witnesses at trial; (4) confront, and cross-examine, his accusers; (5) suppression of certain evidence; and (6) be free from prosecutorial misconduct.  Doc. No. 3 at 1.

Judge Montenegro issued an R&R on Respondent's motion to dismiss, in which she recommends the Court grant Respondent's motion and dismiss the Petition.  *See* Doc. No. 9 at 10.  Judge Montenegro found that Petitioner's claims are procedurally defaulted in this Court because these same claims were raised at the state level and denied based upon the state procedural timeliness rule.  *Id.*  Judge Montenegro further found that Petitioner failed to provide evidence rebutting procedural default.  *Id.* at 8–10.  Petitioner objects to the R&R.  Doc. No. 10.

## II. Legal Standard

The duties of the district court in connection with a magistrate judge's R&R are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). Where the parties object to an R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (providing that the district court must make a de novo determination of any part of the magistrate judge's disposition that a party has properly objected to). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989) (quoting 28 U.S.C. § 636(b)); *Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006).

## III. Discussion

When the last reviewing state court dismisses a petition for habeas corpus based on the grounds that the petition does not comply with a state procedural rule, then the habeas petition is procedurally defaulted. *Trest v. Cain*, 522 U.S. 87, 89 (1997). Procedural default is typically considered a "'defense' that the State is 'obligated to raise' and 'preserve' if it is not to 'lose the right to assert the defense thereafter.'" *Id.* (quoting *Gray v. Netherland*, 518 U.S. 152, 166 (1996)). The deciding court must then determine whether the state court's determination rests on grounds that are "independent" of federal law and "adequate" to indefinitely bar federal review. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). A state procedural bar is said to be "independent" if "the state law basis for the decision [is] not . . . interwoven with federal law." *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001) (first citing *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983); and then citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)). For a state procedural bar to be "adequate," "the state procedural rule must be 'strictly or regularly followed' and 'consistently applied.'" *Id.* (quoting *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir.1996)).

Pursuant to the Ninth Circuit, California's untimeliness rule is an independent state procedural ground because it "is not interwoven with federal law." *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). Further, the *Dixon* bar under California law "provides that state habeas is not available for claims which could have been raised on appeal but were not." *Peay v. Allison*, No 20CV2388-WQH (KSC), 2021 WL 1733389, at *5 (S.D. Cal. May 3, 2021). The *Dixon* bar is an adequate and independent state procedural bar "sufficient to uphold a procedural default in [federal court]." *Id.* After the respondent "carrie[s] the initial burden by identifying California's *Dixon* rule as precluding federal law," the burden shifts to the petitioner who must then bring forward "specific allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586; *Walker v. Martin*, 562 U.S. 307, 316–18 (2011) (providing that California's timeliness rule is consistently applied and clearly established). A petitioner may also obtain federal review of a procedurally defaulted claim by showing cause and prejudice attributed to the default or that failing to consider the claim would produce a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see King v. La Marque*, 464 F.3d 963, 967 (9th Cir. 2006).

Here, the California Court of Appeal denied Petitioner's claims, which are the same claims raised in this federal habeas Petition, on the grounds that his claims were untimely.[2] *See* Doc. No. 6-16 at 5. Thus, the state appellate court's denial of Petitioner's claim because it was untimely lies upon "independent" and "adequate" state law grounds, which means Petitioner's claims are procedurally defaulted unless he provides rebuttal evidence showing that he falls into one of the two exceptions provided above.

---

[2] The California Court of Appeal was the last reviewing court to address the merits of the claims as the California Supreme Court denied the petition without reaching the merits. *See* Doc. No. 6-18 at 3.

### A. Cause and Prejudice

To make a showing for cause and prejudice attributed to the default, a petitioner must show cause is "something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 763. Additionally, the Supreme Court has established that "counsel acts as the petitioner's agent and thus any attorney error in post-conviction proceedings is generally attributable to the petitioner himself." *Smith v. Baldwin*, 510 F.3d 1127, 1147 (9th Cir. 2007); *see also Coleman*, 501 U.S. at 752–53. Further, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 487 (1986). The Court need not address prejudice if Petitioner does not sufficiently show there is "cause." *Smith*, 510 F.3d at 1147.

Here, Petitioner failed to rebut the procedural bar with cause of the delay evidence. Petitioner appears to argue cause of delay was due to the fact that his appellate attorney refused to "provide the record," he was "incapacitated three weeks with covid-19" and "had to learn to write all over again," "the petition was delayed by USPS and/or jail officials," and "the clerk was delayed in filing the petition (due to the second wave of covid-19)." Doc. No. 7 at 4; *see also* Doc. No. 10 at 3–4 (reiterating in the R&R objection Petitioner's argument that his appellate attorney and ineffective assistance of counsel explain the delay), 5 (stating again that Petitioner had to learn to write all over again). Petitioner elaborates on his ineffective assistance of counsel by providing that he discussed with his appellate counsel the issues to be raised in his state petition, but he was "extremely surprised when none of the issues were presented in the appeal," thereby arguing ineffective assistance of counsel as a reason for delay. Doc. No. 7 at 2; *see also* Doc. No. 10 at 3–4. Petitioner's ineffective assistance of counsel claim for timely filing of his post-conviction claims is not persuasive given the Supreme Court's ruling on counsel's status as petitioner's agent for post-conviction claims and procedural error. *See Smith*, 510 F.3d at 1147; *Murray*, 477 U.S. at 487 ("[T]he mere fact that counsel failed to

recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."). Further, the Court notes that "[b]ecause 'there is no constitutional right to an attorney in state post-conviction proceedings,' attorney ineffectiveness 'in the post-conviction proceedings is not considered cause for the purposes of excusing the procedural default at that stage.'" *Smith*, 510 F.3d at 1146–47 (citation omitted) (first quoting *Coleman*, 501 U.S. at 753; and then quoting *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000)). Further, Petitioner argues that while he was "incapacitated for three weeks" due to a Covid-19 diagnosis, the statute of limitations was tolled. *Id.* However, Covid-19 diagnosis is insufficient cause to satisfy cause as to untimely filing with the Court of Appeal.[3] *See McCormick v. Adams*, 621 F.3d 970, 975 (9th Cir. 2010). Thus, Petitioner failed to show cause for the delay, and the Court need not consider the prejudice component. *See Smith*, 510 F.3d at 1147. Judge Montenegro correctly found that Petitioner has not shown the cause and prejudice exception applies.

**B.  Fundamental Miscarriage of Justice**

To make a showing that failure to consider the claims will produce a fundamental miscarriage of justice, "a petitioner's case must fall within the 'narrow class of cases . . . [involving] extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Smith*, 510 F.3d at 1139 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). In order to pass through the narrow *Schlup* gateway, a petitioner must present sufficient actual innocence proof to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) (quoting *McCleskey*, 499 U.S. at 494).

---

[3] The Court notes that the state appellate court decision does not find that Petitioner's claims are untimely because the statute of limitations had run. *See* Doc. No. 6-16. Rather, the appellate court found his claims untimely due to a delay in presenting claims, which is a violation of California's timeliness requirements. *Id.* at 5. Thus, any argument concerning tolling of the statute of limitations is not applicable to the present Petition.

Such evidence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316. A petitioner must support his claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. A petitioner must essentially "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Larsen v. Soto*, 742 F.3d 1083, 1095 (9th Cir. 2013) (quoting *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011)). The *Schlup* standard is "demanding" and typically involves "dramatic new evidence of innocence." *Id.*

      Here, Petitioner has not identified any evidence in the Petition, his opposition to the motion to dismiss, or his objection to the R&R that would indicate he is innocent or that a fundamental miscarriage of justice has occurred.[4] Thus, Petitioner has not met the demanding standard and fails to show it is more likely than not that no reasonable juror would have convicted him considering the existence of any new evidence. The Court therefore finds Judge Montenegro did not err in finding that Petitioner failed to present evidence to show the miscarriage of justice exception has been satisfied.

      Accordingly, Judge Montenegro correctly concluded that Petitioner's habeas claims are procedurally defaulted in this Court and Petitioner failed to present rebuttal evidence to show an exception applies. *See* Doc. No. 9 at 10. Petitioner does not directly address the procedural default or his lack of rebuttal evidence in his objection to the

---

[4] For example, in his objection to the R&R, Petitioner provides "there was no testimony that the identification card number belonged to anyone," so he "was convicted of a crime that did not occur." Doc. No. 10 at 6. Further, Petitioner states he was unable to compel a witness at trial, and the prosecutor had recorded an interview with that witness. *Id.* at 7. Petitioner also argues that "[t]he court would not compel the prosecutor to produce CJC.com's business records that was in the hands of the LA prosecutor." *Id.* In sum, the Court finds Petitioner's arguments unavailing because the proffered arguments are not evidence that meet the demanding *Schlup* standard so as to put the present case within the narrow class of cases.

R&R.[5]  *See* Doc. No. 10.  Thus, the Court **ADOPTS** the R&R and **GRANTS** Respondent's motion to dismiss on this basis.

### IV. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  For the reasons stated above, and those set forth in detail in Judge Montenegro's R&R, Petitioner has not shown "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, the Court **DECLINES** to issue a certificate of appealability.

### V. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R in its entirety, **GRANTS** Respondent's motion to dismiss, and **DISMISSES** the Petition.  The Court **DECLINES** to issue a certificate of appealability.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

Dated:  March 7, 2022

HON. MICHAEL M. ANELLO
United States District Judge

---

[5] Rather, Petitioner appears to reiterate his habeas Petition claims in his objection.